J. Bryan Quesenberry (USB 9156)
903 East 430 South
Salem, UT 84653
801-473-9951
jbq.esq@gmail.com
*Counsel for Plaintiff/Relator*
Special admission pending

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex <u>rel.</u> AIDAN FORSYTH, <br><br> Plaintiff, <br><br> vs. <br><br> NEW NAUTICAL COATINGS, INC. d/b/a SEA HAWK PAINTS and DAVID NORRIE, <br><br> Defendants. | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT** <br><br> **(Filed in camera and under seal)** <br> **(DO NOT PLACE ON PACER)** <br><br> **JURY TRIAL DEMANDED** <br><br> Civil Action No. _____ <br><br> 8:22 cv 2666 WFJ- AAS |

Plaintiff-Relator Aidan Forsyth, acting on behalf of the United States of America (the **"Government"** or the **"Federal Government"**) and against Defendants, alleges based upon personal knowledge, relevant documents, information, and belief, as follows.

## **INTRODUCTION**

1.     This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants and/or their agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* **("the FCA")**.

TRA -67612
#402

2.    This action seeks to recover hundreds of thousands of federal dollars wrongfully loaned to the Entity-Defendant through the Federal Government's Payroll Protection Program (**"PPP"**). The PPP provides a pathway to borrowers for forgiveness of these loans.

3.    Pursuant to the PPP, the Federal Government has spent billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

4.    This action alleges that Defendants applied for PPP funds and received PPP funds despite the following restriction in the PPP application: "Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?"

5.    The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

6.    The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Any person who violates the FCA is liable for a civil penalty for each such claim, **plus three times the amount of the damages** sustained

2

by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties

Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

      7.      In 2009, Congress amended the FCA to clarify that a "claim" includes "any

request or demand, whether under a contract or otherwise, for money or property and whether or

not the United States has title to the money or property that (i) is presented to an officer,

employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other

recipient, if the money or property is to be spent or used on the Government's behalf or to

advance a Government program or interest…" 31 U.S.C. § 3729(b)(2).

      8.      The FCA allows any person having information about an FCA violation to bring

an action for himself and the Federal Government, and to share in any recovery. The FCA

requires that the complaint be filed under seal for a minimum of 60 days (without service on

Defendants during that time) to allow the Federal Government time to conduct its own

investigation and to determine whether to join the suit.

      9.      Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to

recover all available damages, civil penalties, and other relief for the violations alleged herein in

every jurisdiction to which Defendants' misconduct has extended.

## PARTIES

      10.      Plaintiff/Relator Aidan Forsyth (**"Relator"**) is a resident of New York. He brings

this action on behalf of the United States of America, the real party in interest.

      11.      Upon information and belief, Defendant New Nautical Coatings, Inc. d/b/a Sea

Hawk Paints (**"New Nautical Coatings"**) is an entity formed in the State of Florida in 1995

(EIN #59-3073054).

12.     New Nautical Coatings applied for a PPP loan on April 7, 2020 (loan #7014547006), received said loan, and had said loan forgiven on January 8, 2021 in the amount of $544,166.40. *See*, PPP loan information attached in **Exhibit A**.

13.     Upon information and belief, New Nautical Coatings also applied for a Disaster Assistance Loan/EIDL on May 27, 2020 in the amount of $150,000 (award ID 3959967810).

14.     Upon information and belief, New Nautical Coatings (doing business as Seahawk Paints/Bluewater Marine Paints) applied for and received a $10,000 EIDL loan on April 19, 2020. *See*, EIDL information for both loans attached in **Exhibit B**.

15.     Upon information and belief, Defendant David Norrie is an individual who resides within the boundaries of the Middle District of Florida.

16.     Mr. Norrie was the incorporator, president, and registered agent of New Nautical Coatings during the relevant time at issue according to its annual report dated February 7, 2020. *See*, annual report attached hereto as **Exhibit C**.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Realtor's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

18.     Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this

4

Complaint are based. Plaintiff researched and discovered the pertinent entity information and individual information of each Defendant.

19.      This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Defendants either reside in or were formed as an entity in Middle District of Florida.

20.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants can be found in and/or transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq*. alleged herein occurred within this district. At all times relevant to this Complaint, Defendants regularly conducted substantial business within this district.

## THE PAYCHECK PROTECTION PROGRAM

21.      Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act (**"CARES Act"**). Section 1102 contains a new program called the Paycheck Protection Program (**"PPP"**) and is party of the U.S. Small Business Administration's (**"SBA"**) 7(a) Loan Program. These two sections are intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

22.      Due to the COVID-19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the coronavirus.

23.      The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

5

24.     Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

25.     The CARES Act was intended to provide relief to America's small businesses expeditiously.

26.     The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are held harmless for borrowers' failures to comply with PPP rules.

27.     Defendants had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

28.     In general, Defendants calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the United States. Annual employee salaries are capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

29.     One certification on the Application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

30.     The Defendants certified on their PPP application that within the last five years neither the applicant nor any owner of the applicant had been convicted or pleaded guilty for any felony. *See*, section 6 on the PPP application.

31.     Defendants also "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

32.    Finally, Defendants certified on the PPP loan applications that they "understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

33.    In December of 2014, Mr. Norrie pleaded guilty in case number 1:14-cr-20081-CR-UNGARO for conspiracy to corruptly influence, obstruct, and impede the due and proper administration of law. *See*, Judgment attached as **Exhibit D**. See also, Plea Agreement attached as **Exhibit E**.

34.    Mr. Norrie signed the Plea Agreement. *Id.*

35.    Mr. Norrie entered the Bureau of Prisons system (register #60267-018) and was released from federal prison on June 26, 2015. He remained on probation for this felony charge for four years and nine months. *See*, Transfer of Jurisdiction attached as **Exhibit F**.

36.    Mr. Norrie was placed on probation from June 26, 2015 to June 25, 2018. *See*, Exhibit F. *See also*, Supervised Release section in Judgment in Exhibit D.

37.    Upon information and belief, Mr. Norrie applied for the PPP loan on behalf of New Nautical Coatings on April 7, 2020, applied for the EIDL loan on April 19, 2020, and applied for the Disaster Assistance Loan on May 27, 2020 – all within five years of being placed on probation.

38.    Because Mr. Norrie was placed on probation within five years of applying for the PPP loan in question, he would have run afoul of Question 6 in the PPP loan application, which

reads: "Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) *been placed on any form of parole or probation* (including probation before judgment)?" (Emphasis added).

39.    Upon information and belief, the same five-year limitation applies to Mr. Norrie obtaining the above-referenced EIDL loan and the above-referenced Disaster Assistance Loan.

40.    The New Nautical Coatings certified on its PPP application that within the five years of the PPP application that "for any felony" neither the applicant nor any owner of New Nautical Coatings had "1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) *been placed on any form of parole or probation* . . ." (Emphasis added).

41.    Defendants thus made material misrepresentations on their application for PPP funds, knowing lenders and the Federal Government would rely on said representations in paying PPP funds to the New Nautical Coatings.

42.    Plaintiff used his own efforts and data-mining skills, techniques, and abilities to review and analyze data from the SBA, from the Florida Department of Commerce, and the federal court system to discover Defendants and the fraud described above.

43.    Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendants.

## False Claims Act

## 31 U.S.C. § 3729(a)(1)(A)-(B)

44.    Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

45.     This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq*., as amended.

46.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

47.     By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

48.     Relator cannot at this time identify all of the false claims for payment that were caused by Defendants' conduct. The false claims were presented to third party lending institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

49.     Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans from the Federal Government. Said lenders were unaware of the falsity of the records, statements, and claims made or caused to be made by Defendants. Said lenders paid the claims that would not be paid but for Defendants' illegal conduct.

50.     By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

51.     Additionally, the United States is entitled to a maximum penalty for each and every violation arising from Defendants' unlawful conduct alleged herein.

## **PRAYER**

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each Defendant as follows:

9

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4. That Relator recover such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 11/12/2022.                    Respectfully submitted,

Bryan Quesenberry
Counsel for Plaintiff/Relator

# Exhibit A

|  | Loan 1 |
|---|---|
| LoanNumber | 7014547006 |
| DateApproved | 4/7/20 |
| ProcessingMethod | PPP |
| BorrowerName | NEW NAUTICAL COATINGS, INC. |
| BorrowerAddress | 14805 49th street north |
| BorrowerCity | CLEARWATER |
| BorrowerState | FL |
| BorrowerZip | 33762-2809 |
| JobsReported | 40 |
| NAICSCode | 325510 |
| BusinessType | Corporation |
| OriginatingLender | Seacoast National Bank |
| OriginatingLenderLocationID | 17616 |
| OriginatingLenderCityState | STUART FL |
| ForgivenessAmount | $         544,166.40 |
| ForgivenessDate | 1/8/21 |

# Exhibit B

|  | EIDL Loan | |
|---|---|---|
| AwardID | | 3959967810 |
| EndingLoanSubsidyCost | $ | 20,430.00 |
| EndingLoanAmount | $ | 150,000.00 |
| DateApproved | | 5/27/20 |
| funding_office_name | OFC OF DISASTER ASSISTANCE | |
| treasury_accounts_funding_this_award | 073-X-1152-000 | |
| recipient_name | NEW NAUTICAL COATINGS, INC. | |
| recipient_address_line_1 | 14805 49TH ST N | |
| recipient_state_code | FL | |

|  | EIDL Grant | |
|---|---|---|
| AwardID | EIDLGT:3300592834 | |
| GrantAmount | $ | 10,000.00 |
| DateApproved | | 4/19/20 |
| funding_office_name | OFC OF CHIEF OPERATING OFFICER | |
| treasury_accounts_funding_this_award | 073-2020/2021-0500-000 | |
| recipient_name | SEAHAWK PAINTS, BLUEWATER MARINE PAINTS | |
| recipient_address_line_1 | 14805 49TH STREET NORTH | |
| recipient_state_code | FL | |

# Exhibit C

## 2020 FLORIDA PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# S50929

Entity Name: NEW NAUTICAL COATINGS, INC.

**Current Principal Place of Business:**

14805 49TH ST. N
CLEARWATER, FL  33762

**Current Mailing Address:**

14805 49TH ST. N
CLEARWATER, FL  33762

FEI Number: 59-3073054

**Name and Address of Current Registered Agent:**

NORRIE, DAVID
14805 49TH STREET NORTH
CLEARWATER, FL  33762  US

**FILED**
**Feb 07, 2020**
**Secretary of State**
**1133891316CC**

Certificate of Status Desired: No

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____

| Electronic Signature of Registered Agent | Date |

**Officer/Director Detail :**

| Title | PRESIDENT | | Title | CEO |
|---|---|---|---|---|
| Name | NORRIE, DAVID | | Name | NORRIE, ERIK . |
| Address | 2181 34TH WAY | | Address | 10637 HARBORSIDE DR. |
| City-State-Zip: | LARGO FL 33771 | | City-State-Zip: | LARGO FL 33773 |

| Title | SECRETARY, TREASURER |
|---|---|
| Name | HERNANDEZ, CARA |
| Address | 8848 HERSHEY LANE |
| City-State-Zip: | SEMINOLE FL 33777 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: ERIK NORRIE                                    CEO                        02/07/2020

| Electronic Signature of Signing Officer/Director Detail | Date |

# Exhibit D

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                  Page 1 of 6

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | **Case Number - 1:14-20081-CR-UNGARO-** |
| **DAVID NORRIE** | USM Number: 60267-018 |

Counsel For Defendant: Michael Pasano, Esq.
Counsel For The United States: Alex Soto, AUSA
Court Reporter: William Romanishin

The defendant pleaded guilty to Count(s) One of the SS Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| Title 18 USC 371 | Conspiracy to corruptly influence, obstruct, and impede the due and proper administration of law | 11/09 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) All remaining counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
12/5/2014

URSULA UNGARO
United States District Judge

December ___//___ , 2014

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case | Page 2 of 6

DEFENDANT: DAVID NORRIE
CASE NUMBER: 1:14-20081-CR-UNGARO-

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FIVE (5) MONTHS**.

The Court makes the following recommendations to the Bureau of Prisons:

The facility at Montgomery or Pensacola

The Defendant shall surrender to the United States Marshal for Tampa, Florida on **January 30, 2015** at **2:00 P.M.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

Page 3 of 6

DEFENDANT: DAVID NORRIE
CASE NUMBER: 1:14-20081-CR-UNGARO-

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

> **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

> **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                    Page 4 of 6

DEFENDANT: DAVID NORRIE
CASE NUMBER: 1:14-20081-CR-UNGARO-

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Permissible National/International Business Travel** - The defendant is authorized international travel for business purposes only and if approved by the country of destination, provided such travel is approved by the Court. The defendant must provide documentation regarding travel and the business conducted to the U.S. Probation Officer.

**Permissible Search** - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Home Detention with Electronic Monitoring** - The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of SIX (6) MONTHS. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                Page 5 of 6

DEFENDANT: DAVID NORRIE
CASE NUMBER: 1:14-20081-CR-UNGARO-

## CRIMINAL MONETARY PENALTIES

        The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                     Page 6 of 6

DEFENDANT: DAVID NORRIE
CASE NUMBER: 1:14-20081-CR-UNGARO-

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of $ due immediately, balance due

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.

# Exhibit E

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### Case No. 14-20081-cr-Ungaro(s)(s)

**UNITED STATES OF AMERICA**

**vs.**

**DAVID NORRIE,**

       **Defendant.**

_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and David Norrie (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1, object (c) of the Superseding Indictment, which charges the defendant with willfully conspiring to corruptly influence, obstruct, and impede the due and proper administration of law under which a pending proceeding was being had before the Environmental Protection Agency, an agency of the United States, in violation of Title 18, United States Code, Section 1505, all in violation of Title 18, United States Code, Section 371.

2. The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required

to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and may order restitution.

4.   The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count of conviction.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If the defendant is financially unable to pay the special assessment, he agrees to present evidence to this Office and the Court at the time of sentencing regarding the inability to pay.

5.   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as

2

to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  This Office, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court find that the appropriate base offense level under Section 2J1.2 of the Sentencing Guidelines is 14. With a two-point reduction for acceptance of responsibility, the base offense level is 12. The Government agrees to make a recommendation within the guidelines for base offense level 12.  The Government also agrees that restitution is not

3

required in this case.

8.    The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities.  Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture.

9.   The defendant is aware that the sentence has not yet been determined by the Court. The  defendant also is aware that any estimate of  the  probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.  The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10.   The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the

4

result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

     11.   This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/24/14     By: _____
ALEJANDRO O. SOTO
ASSISTANT U.S. ATTORNEY

Date: 9-24-14     By: _____
MICHAEL PASANO, COUNSEL FOR
DAVID NORRIE

Date: 9-24-14     By: _____
DAVID NORRIE
DEFENDANT

5

# Exhibit F

| PROB 22<br>Rev. 2/88<br><br>**TRANSFER OF JURISDICTION** | | DOCKET NUMBER(Tran.Ct)<br>1:14-20081-CR-UNGARO |
|---|---|---|
| | | DOCKET NUMBER(Rec.Ct)<br><br>5:15-CR-36-0C-40PRL |

| NAME AND ADDRESS OF SUPERVISED RELEASEE<br>David Norrie<br>7500 N. Helsinki Point<br>Dunnellon, FL 34433 | DISTRICT<br>Southern District of Florida | DIVISION<br>Miami |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br>The Honorable Ursula Ungaro<br>United States District Judge | |

| SD/FL PACTS No. 367209 | DATES OF SUPERVISED<br>RELEASE | FROM<br>06/26/2015 | TO<br>06/25/2018 |
|---|---|---|---|

OFFENSE: Count One: Conspiracy to corruptly influence, obstruct, and impede the due and proper administration of law in violation of 18 U.S.C. § 371.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

      **IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised releasee named above be transferred with the records of this Court to the United States District Court for the Middle District of Florida, upon the court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_7/7/15_
Date

_Ursula Ungaro_
The Honorable Ursula Ungaro,
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE   MIDDLE DISTRICT OF FLORIDA

      **IT IS HEREBY ORDERED** that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____
Effective Date

_____
United States District Judge